## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JERRY L. SMITH, SR.,                    :
                                        :
            Plaintiff,                  :
                                        :
    v.                                  :        Civ. No. 11-893-LPS
                                        :
PATRICK FORESTER, et al.,               :
                                        :
            Defendants.                 :

---

Jerry L. Smith, Sr., Frankford, Delaware, Pro Se Plaintiff.

David G. Culley, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware.  Counsel for Defendants.

## MEMORANDUM OPINION

March 29, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jerry L. Smith, Sr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and raising supplemental State claims. (D.I. 1) Plaintiff amended the complaint on January 27, 2012. (D.I. 4) He proceeds pro se and has paid the filing fee. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Plaintiff's request for default (D.I. 11) and motion to amend (D.I. 17) as well as Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 12). For the reasons that follow, the Court will deny the request for default, deny the motion to amend without prejudice, and will grant in part and deny in part the motion to dismiss.

## II. BACKGROUND

While traveling in his vehicle on October 4, 2009, Plaintiff was stopped in Millsboro, Delaware. He was charged with violations under Delaware law for inattentive driving, must drive on the right side of the roadway, failure to have license in possession, failure to have registration card in possession, and failure to have insurance identification in possession. *See* 21 Del. C. §§ 2108, 2118, 2721, 4114, 4176(b). Two trials took place, and Plaintiff was acquitted of all charges. Counts One, Two, and Three of the Amended Complaint raise constitutional violations pursuant to 42 U.S.C. § 1983 and § 1988 for an unlawful stop, fabrication of facts, and false charges, conspiracy, and malicious prosecution. Counts Four and Five raise supplemental State claims for malicious abuse of process and intentional infliction of emotional distress. Count Five also asserts a municipal liability claim pursuant to 42 U.S.C. § 1983.

1

All Defendants were served on January 30, 2012. (*See* D.I. 5, 6, 7, 8, 9)  Counsel for

Defendants filed a notice of appearance (D.I. 10) on February 17, 2012.  On May 2, 2012,

Plaintiff filed a request for default (D. I. 11) as to all Defendants and, on the same date,

Defendants filed a Motion to Dismiss (D.I. 12).  On May 21, 2012, Plaintiff filed a motion to

amend the amended complaint (D.I. 17).

## III.    REQUEST FOR DEFAULT

Plaintiff has filed a motion for entry of default (D.I. 11).  Entry of default judgment is a

two-step process. *See* Fed. R. Civ. P. 55(a), (b).  A party seeking to obtain a default judgment

must first request that the Clerk of the Court "enter . . . the default" of the party that has not

answered the pleading or "otherwise defend[ed]" within the time required by the rules or as

extended by court order.  Fed. R. Civ. P. 55(a).  Timely serving and filing a motion to dismiss

under Fed. R. Civ. P. 12(b) precludes entry of default. *See Francis v. Joint Force Headquarters*

*Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept. 19, 2006).  Even if default is properly entered, the

entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court.

*See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Here, Defendants have filed a motion to dismiss, albeit, belatedly.  Nonetheless, because

the entry of default and default judgment are disfavored, as they prevent a plaintiff's claims from

being decided on the merits, *see Girafa.com, Inc. v. Smartdevil, Inc.*, 728 F. Supp. 2d 537, 542

(D. Del. 2010), the Court exercises its discretion and declines to enter Defendants' default.

Accordingly, the Court will deny Plaintiff's motion for entry of default (D.I. 11).

2

## IV.    MOTION TO AMEND

Plaintiff moves to amend (D.I. 17) to more fully conform with Fed. R. Civ. P. 8. Defendants oppose the motion on the grounds that Plaintiff failed to comply with Local Rule 15.1 when he did not accompany the motion with a proposed amended pleading or provide a description of the proposed amendment. Plaintiff responded to Defendants' opposition, but again failed to comply with Local Rule 15.1.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the Court should freely give leave to amend when justice so requires.

Rule 15.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware provides that a party who moves to amend a pleading shall attach to the motion the proposed pleading as amended, complete with a handwritten or electronic signature and a form of the amended pleading, which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* D. Del. LR 15.1. Plaintiff did not attach a copy of the proposed amended complaint as required by Local Rule 15.1. Therefore, the Court will deny the motion (D.I. 179) without prejudice to refiling in accordance with the Local Rules of this Court.

3

## V. MOTION TO DISMISS

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### B.    Discussion

Defendants move for dismissal on the grounds that each count of the Amended Complaint fails to adequately plead a claim. (D.I. 12, 13)

#### 1.    42 U.S.C. § 1988

Counts One, Two, and Three attempt to raise claims pursuant to 42 U.S.C. § 1988. The Court will dismiss the claims because this provision "does not create an independent federal cause of action; it is merely intended to complement the various acts which do create federal causes of action for the violation of federal rights." *Tunstall v. Office of Judicial Support of Court of Common Pleas*, 820 F.2d 631, 633 (3d Cir. 1987) (explaining *Moor v. County of Alameda*, 411 U.S. 693, 702 (1973)).

#### 2.    42 U.S.C. § 1983

Counts One, Two, Three, and Six raise claims pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v.*

*Atkins,* 487 U.S. 42, 48 (1988). Defendants argue that, although Plaintiff provides extensive allegations and trial quotations, his claims for relief are inadequately supported by actual facts and rely solely upon formulaic recitations of the elements of each claim. In addition, Defendants contend that the Amended Complaint fails to identify the Constitutional provisions that were allegedly violated.

### a.   Count One - Constitutional Violation

Count One alleges that on October 4, 2009, Defendant Police Officer Patrick Forester ("Forester") conducted a "false traffic stop" of Plaintiff, "fabricated facts," and issued Plaintiff "false charges." (D.I. 4 at 7-10)  While inartfully pled, in essence, Plaintiff alleges a violation of rights under the Fourth Amendment of the United States Constitution.

A "traffic stop is a seizure within the meaning of the Fourth Amendment" and "[the] reasonable suspicion standard applies to routine traffic stops." *United States v. Delfin-Colina,* 464 F.3d 392, 396-97 (3d Cir. 2006). "[Alt]hough reasonable suspicion is a generally undemanding standard, a police officer does have the initial burden of providing . . . specific, articulable facts to justify a reasonable suspicion to believe that an individual has violated [a] traffic law . . . ." *Id.* (citation omitted); *see also Elozua v. New Jersey,* 2008 WL 370926, at *5 (D.N.J. Feb.11, 2008) ("An unreasonable search and seizure claim under the Fourth Amendment may arise out of a traffic stop.").

Plaintiff alleges that he was not violating any traffic laws, that when he realized the police wanted to stop him he pulled over, and that although he initially could not find his insurance and registration card, when he did, he offered them to Forester, who refused to look at or accept them. The Court must accept as true Plaintiff's allegation that Forester lacked a proper basis to

6

make the traffic stop. A review of the allegations indicates that Plaintiff has pled facts that, if proven, could support a violation of his Fourth Amendment rights. Therefore, the Court will deny Defendants' motion to dismiss Count One of the Amended Complaint.

### b.   Count Two - Conspiracy

Count Two alleges that Defendants Barry Wheatley ("Wheatley"), Roy Lowe ("Lowe"), and Forester conspired to deprive Plaintiff of his right to unaltered exculpatory evidence. To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N .E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him or her of constitutional right under color of law).

Defendants move to dismiss on the grounds that Plaintiff has failed to allege any facts establishing an agreement or meeting of the minds among them to injure Plaintiff. Count Two alleges that Wheatley, Lowe, and Forester were the custodians of the evidence and that the evidence was altered to exclude exculpatory evidence. There are no allegations that these three Defendants had an agreement or acted in concert to violated Plaintiff's constitutional rights. Because the Amended Complaint does not contain allegations that Defendants had an agreement to deprive Plaintiff of his constitutional rights, the Court will grant Defendants' motion to dismiss Count Two of the Amended Complaint.

7

c.     **Count Three - Malicious Prosecution**

Count Three alleges that, in an effort to convict Plaintiff, Forester lied under oath when he testified that Plaintiff, at no time during the traffic stop, offered his registration and insurance card. In addition, Count Three alleges that Forester knew Plaintiff offered his registration card during the traffic stop, that the video of the traffic stop contained this evidence, that Forester had watched the video and could have dropped the registration card charge but, instead, chose to vigorously pursue it.

To state a malicious prosecution claim under § 1983, a plaintiff must show the following: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

With regard to the final element – the deprivation of liberty – Plaintiff "must show that he suffered a seizure as a consequence of a legal proceeding." *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998). For purposes of malicious prosecution, the "type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself;" "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." *DiBella*, 407 F.3d at 602-03.

The Amended Complaint alleges that Plaintiff received several traffic tickets and that he was acquitted of all charges following two trials. There are, however, no facts to identify a seizure suffered as a consequence of a legal proceeding. *See Benckini v. Coopersburg Borough*,

8

2008 WL 2156713, at *5 (E.D. Pa. May 21, 2008) (dismissing malicious prosecution claim

arising out of a traffic stop because plaintiff had not been "seized through malicious

prosecution," stating that "issuance of a traffic citation and the resulting court appearances

simply do not result in a deprivation of liberty sufficient to support a malicious prosecution

claim"). Therefore, for the above reasons, the Court will grant Defendants' motion to dismiss

Count Three of the Amended Complaint.

### d.     Count Six - Municipal Liability

Count Six asserts a municipal liability claim under § 1983 against Defendant Town of

Millsboro ("Millsboro") for failing properly to train and supervise the individual defendants in

conducting traffic stops and in maintaining the integrity of evidence from those stops. The Court

liberally construes the allegations as municipal liability claims predicated on the purported

policy, custom, or practice of failing properly to train, supervise, or discipline Millsboro's

officers and personnel.

A municipality cannot be held liable under a theory of respondeat superior. To state a

§ 1983 claim against a municipality, Plaintiff must identify a custom, practice, or policy that led

to, or caused, his constitutional deprivations. *See* 42 U.S.C. § 1983; *Monell v. Department. of

Soc. Services*, 436 U.S. 658. 690 (1978). In addition, Plaintiff must allege "a direct causal link

between [the] municipal policy or custom and the alleged constitutional deprivation." *City of

Canton v. Harris*, 489 U.S. 378, 385 (1989). "[T]he inadequacy of police training may serve as

the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to

the rights of persons with whom the police come into contact." *Harris*, 489 U.S. at 388.

However, "not all failures or lapses in training will support liability under § 1983." *Woloszyn v.

9

*County of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005). The alleged deficiency in the training program "must be closely related to the ultimate [constitutional] injury." *Id.*

To establish the requisite deliberate indifference, a plaintiff must show that: "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). The plaintiff must be able to "show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. DeSimone*, 159 F.3d 120, 127 (3d Cir. 1998).

The allegations in Count Six, even when liberally construed, fail to state a plausible claim for municipal liability under § 1983. The Amended Complaint fails to identify the policies or customs that caused a violation of his constitutional rights or that any supervisory personnel had any knowledge of any problems with traffic enforcement. *See, e.g., Cunningham v. North Versailles Twp.*, 2010 WL 391380, at *12 (W.D. Pa. Jan. 27, 2010) (dismissing municipal liability claim arising out of traffic stop and premised on failure to train theory, because plaintiff failed to allege either that policymaker committed alleged wrongful act or that officers' acts were sufficiently widespread or well-settled as to be functional equivalent of township's law or policy).

For the above reasons, the Court concludes that the conclusory allegations fail to show a plausible claim for relief for municipal liability pursuant to § 1983. Therefore, the Court will grant Defendants' motion to dismiss Count Six of the Amended Complaint.

### 3. Supplemental Claims under Delaware Law

To the extent Counts Four and Five attempt to raise claims against Millsboro, Millsboro is immune from suit pursuant to Delaware's Municipal Tort Claims Act, 10 Del. C. § 4010.

#### a. Malicious Abuse of Process

Count Four raises a claim of malicious abuse of process. The elements of an abuse of process claim are: (1) an ulterior improper purpose and (2) a willful act improperly used in the regular conduct of proceedings. *See STMicroelectronics N.V. v. Agere Sys., Inc.*, 2009 WL 1444405 (Del. Super. Ct. May 19, 2009). The improper purpose is usually to obtain a collateral advantage. *See Pfeiffer v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 7062498 (Del. Super. Ct. Dec. 20, 2011).

The allegations in Count Four do not give rise to an abuse of process claim. Count Four merely recites the elements for abuse of process under Massachusetts, not Delaware, law, without supporting facts. Although Plaintiff provides some reasoning for Count Four in his opposition to Defendants' Motion to Dismiss, a factual basis is missing in Count Four of the Amended Complaint. Therefore, the Court will grant Defendants' motion to dismiss Count Four of the Amended Complaint.

#### b. Intentional Infliction of Emotional Distress

Count Five alleges intentional infliction of emotional distress. The Amended Complaint alleges that Defendants intentionally and deliberately inflicted emotional distress upon Plaintiff

11

by maliciously prosecuting him. Under Delaware law, the elements of intentional or reckless infliction of emotional distress can be established when "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Cooper v. Board of Educ. of Red Clay Consol. Sch. Dist.*, 2009 WL 2581239, at *3 (Del. Super. Ct. Aug. 20, 2009). A claim for intentional infliction of emotional distress may be made even in the absence of accompanying bodily harm, if the conduct is outrageous. *See Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990).

Count Five is alleged in a conclusory manner and is not directed towards any one Defendant. In addition, there are no facts alleging "severe" emotional distress. Because it is deficiently pled, the Court will grant Defendants' motion to dismiss Count Five.

## VI.   **CONCLUSION**

For the above reasons, the Court will deny Plaintiff's Request for Default (D.I. 11); will deny without prejudice Plaintiff's Motion to Amend (D.I. 17); and will grant in part and deny in part Defendants' Motion to Dismiss (D.I. 12). Since it appears plausible that Plaintiff may be able to articulate a claim or claims against Defendant(s), he will be given an opportunity to amend his pleading consistent with this Memorandum Opinion. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

An appropriate Order will be entered.

12