IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY L. SMITH, SR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 11-893-LPS |
| PATRICK FORESTER, et al., | : |
| Defendants. | : |

Jerry L. Smith, Sr., Frankford, Delaware, Pro Se Plaintiff.

David G. Culley, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

February 10, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

# I. INTRODUCTION

Plaintiff Jerry L. Smith, Sr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and raising supplemental State claims. (D.I. 1) He proceeds pro se and has paid the filing fee. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff amended the complaint (D.I. 4) on January 27, 2012, and Defendants moved to dismiss (D.I. 12). The motion was granted in part, and Plaintiff was given leave to amend. Plaintiff filed a second amended complaint (D.I. 27) on May 9, 2013. Presently before the Court is Defendants' partial motion to dismiss Plaintiff's second amended complaint (D.I. 28) and Plaintiff's opposition (D.I. 30) thereto. For the reasons that follow, the Court will grant in part and deny in part the partial motion to dismiss.

# II. BACKGROUND

While traveling in his vehicle on October 4, 2009, Plaintiff was stopped in Millsboro, Delaware. He was charged with violations under Delaware law for inattentive driving, must drive on the right side of the roadway, failure to have license in possession, failure to have registration card in possession, and failure to have insurance identification in possession. *See* 21 Del. C. §§ 2108, 2118, 2721, 4114, 4176(b). Two trials took place, and Plaintiff was acquitted of all charges.

In Count One, Plaintiff raises a claim pursuant to 42 U.S.C. § 1983, alleging a violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.[1] Count Two

---

[1] Defendants do not move to dismiss Count One.

1

alleges conspiracy, pursuant to 42 U.S.C. § 1983 and § 1985. Counts Three, Four, and Five raise State claims under Delaware law for malicious prosecution, malicious abuse of process, and intentional infliction of emotional distress. Finally, Count Six raises a raises a municipal liability claim pursuant to 42 U.S.C. § 1983.

### III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson*

*v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Defendants move for partial dismissal of the second amended complaint on the grounds that Counts Two through Six fail to adequately plead a claim and that Counts Three through Five allege State tort claims that are barred by the Municipal Tort Claims Act, 10 Del. C. § 4010, *et seq.* (D.I. 28, 29)

### A. Conspiracy: 42 U.S.C. §§ 1983 and 1985

Count Two alleges that Defendants Millsboro Police Chief John Murphy ("Murphy") and Millsboro Police Officer Patrick Forester ("Forester") deprived Plaintiff of his "right to unaltered exculpatory evidence and equal protection of the law" "as a result of their concerted unlawful and malicious conspiracy." (D.I. 27 at 11) Defendants argue that dismissal is appropriate on the grounds that Plaintiff failed to cure pleading defects upon amendment.

3

Plaintiff attempts to raise conspiracy claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[2] To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached agreement to deprive plaintiff of constitutional right under color of law).

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

When Plaintiff amended his conspiracy claim he added new paragraphs alleging that: (1) he made an oral complaint about Forester's actions; (2) he requested a form to make a written complaint but was denied a form; (3) he requested to see the videotape of the traffic stop in question but was refused; (4) he was told by Millsboro Sergeant Callaway ("Callaway") that Murphy would investigate the matter; (5) he received a letter from Murphy that his complaint

---

[2]Plaintiff presumably raises the § 1985 pursuant to § 1985(3), as § 1985(1) and (2) are inapplicable.

had been investigated, the videotape reviewed, and that Plaintiff's complaint was unsubstantiated; and (6) Murphy had prima facie evidence but agreed with Forester that the charges should be upheld and that Plaintiff should be prosecuted. (D.I. 27 ¶¶ 40.1-40.5)

Because Plaintiff proceeds pro se, the Court must liberally construe the allegations in the second amended complaint. With regard to the § 1983 conspiracy claim, Plaintiff adequately amended the conspiracy claim to allege that Murphy and Forester agreed that Plaintiff should be prosecuted (i.e., they reached an agreement). Therefore, the Court will deny the motion to dismiss the conspiracy claim raised pursuant to § 1983.

Plaintiff, however, fails to state a conspiracy claim under § 1985. Count Two contains no allegations of a conspiracy motivated by a racial or class based discriminatory animus. Therefore, the Court will grant Defendants' motion to dismiss the conspiracy claim raised pursuant to § 1985.

### B. Municipal Tort Claims Act

Counts Three, Four, and Five are raised against Forester and assert supplemental claims under Delaware law. Defendants move for dismissal on the grounds that the claims are barred by the Municipal Tort Claims Act, 10 Del. C. § 4010. Defendants argue that the claims against the individual Defendants all relate to acts that allegedly occurred in their official capacity. Plaintiff responds that perjury and manipulation of exculpatory evidence are not within the scope of the duties and employment of police officers.

The caption of the Second Amended Complaint indicates that Defendants are sued in their individual and official capacities. With regard to Forester, the body of the second amended

5

complaint alleges that "at all times material to the allegations," Forester was acing his capacity as a police officer employed by the Millsboro Police Department." (D.I. 27 ¶ 7)

The County and Municipal Tort Claims Act ("Tort Claims Act"), 10 Del. C. §§ 4010-12, expressly grants immunity to all governmental entities and their employees "from suit on any and all tort claims seeking recovery of damages." 10 Del. C. § 4011(a). A government entity includes "any municipality, town, county, administrative entity or instrumentality created pursuant to Chapter 8 of Title 22 or Title 9." 10 Del. C. § 4010(2). An employee is any "person acting on behalf of a government entity in any official capacity, whether temporarily or permanently, and whether with or without compensation." *Id.* at § 4010(1).

Immunity under the Tort Claims Act is absolute unless an exception under either § 4011(c) or § 4012 applies. The exceptions under § 4012 are inapplicable. *See* 10 Del. C. § 4012. Pursuant to § 4011(c), government employees can be personally liable for property damage, bodily injury or death when not acting within the scope of their employment or when acting with wanton negligence or willful and malicious intent. *See* 10 Del. C. § 4011(c).

Here, the second amended complaint alleges that Forester, at all times material during the relevant time-frame, was acting in his capacity as a Millsboro Police Officer. Hence, under the Tort Claims Act, he could only be liable for property damage, bodily injury, or death. Because the second amended complaint does not allege any such damage, it is irrelevant whether Forester was acting within the scope of his employment or with wanton negligence or willful and malicious intent. Forester is immune under the Tort Claims Act from Plaintiff's state law tort claims. *See Dale v. Town of Elsmere*, 702 A.2d 1219, 1223 (Del. 1997) (citing *Carr v. Town of*

6

*Dewey Beach*, 730 F.Supp. 591, 601 (D. Del. 1990) (holding that "economic harm alone does not constitute 'property damage' as that term is used" in the Tort Claims Act).

Accordingly, the Court will grant Defendants' motion to dismiss Counts Three, Four, and Five, as they are barred by Delaware's Tort Claim Act.[3]

### C. Municipal Liability

Count Six asserts a municipal liability claim under § 1983 against Defendant Town of Millsboro ("Millsboro") for failing to properly train and supervise the individual defendants in proper traffic stops and in maintaining the integrity of evidence from those stops. The Court liberally construes the allegations as municipal liability claims predicated on the purported policy, custom, or practice of failing to properly train, supervise, or discipline Millsboro's officers and personnel.

Defendants move for dismissal of Count Six for failure to state a claim upon which relief may be granted. Defendants argue that Count Six contains no facts to support a policy of Millsboro or conduct so widespread as to be the functional equivalent of law or policy. They further argue that Plaintiff's amendment did not cure his pleading defect but merely adds three prior incidents when he was ticketed in Millsboro.

Plaintiff argues that he has shown contemporaneous knowledge of offending incidents from the Millsboro Police Department when he complained in the past that the Police Department manufactured charges to arrest him. Plaintiff contends that, in the instant case, the same practice exists and that Murphy condoned the practice.

---

[3]Given that the Tort Claims Act bars the claims under Delaware law, the Court sees no need to address Defendants' other grounds for dismissal of Counts Three, Four, and Five.

7

A municipality cannot be held liable under a theory of respondeat superior. To state a § 1983 claim against a municipality, Plaintiff must identify a custom, practice or policy that led to, or caused, his constitutional deprivations. *See* 42 U.S.C. § 1983; *Monell v. Department of Soc. Services*, 436 U.S. 658. 690 (1978). In addition, Plaintiff must allege "a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Harris*, 489 U.S. at 388. However, "not all failures or lapses in training will support liability under § 1983." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005). The alleged deficiency in the training program "must be closely related to the ultimate [constitutional] injury." *Id.*

To establish the requisite deliberate indifference, a plaintiff must show that: "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). The plaintiff must be able to "show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. DeSimone*, 159 F.3d 120, 127 (3d Cir. 1998).

As previously discussed, the Court must liberally construe Plaintiff's second amended complaint. Count Six now contains allegations showing a pattern of similar incidents when

8

Plaintiff was arrested several times in the past and, in each instance, found not guilty of the charges. Plaintiff's allegations suffice to show some pattern of conduct that could establish a custom or policy. While Plaintiff may be unable ultimately to prevail on his claim, the facts alleged in the second amended complaint are sufficient to show that Plaintiff has stated a plausible claim for relief. Therefore, the Court will deny Defendants' motion to dismiss Count Six of the second amended complaint.

## V.     **CONCLUSION**

For the above reasons, the Court will grant in part and deny in part Defendants' partial motion to dismiss Plaintiff's second amended complaint. (D.I. 28) Since it appears plausible that Plaintiff may be able to articulate a claim or claims against Defendant(s), he will be given an opportunity to amend the conspiracy claim raised pursuant to 42 U.S.C. § 1983(3). *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

An appropriate Order will be entered.