IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERRY L. SMITH, SR., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-893-LPS |
| PATRICK FORESTER, et al., | : | |
| Defendants. | : | |

Jerry L. Smith, Sr., Frankford, Delaware, Pro Se Plaintiff.

David G. Culley, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware. Counsel for Defendants.

## MEMORANDUM OPINION

December 9, 2014
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jerry L. Smith, Sr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and raising supplemental State claims. (D.I. 1) He proceeds *pro se* and has paid the filing fee. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff amended the complaint (D.I. 4) on January 27, 2012, and Defendants moved to dismiss. The motion was granted in part, and Plaintiff was given leave to amend. Plaintiff filed a second amended complaint (D.I. 27) on May 9, 2013. Defendants against moved to dismiss, the motion was granted in part, and Plaintiff was given leave to amend the 42 U.S.C. § 1985 claim. Plaintiff filed a third amended complaint (D.I. 34) on March 11, 2014. Presently before the Court is Defendants' partial motion to dismiss Plaintiff's third amended complaint (D.I. 35) and Plaintiff's opposition (D.I. 37) thereto. In addition, Plaintiff moves for leave to file electronically. (D.I. 38) For the reasons that follow, the Court will grant Defendants' motion and will deny without prejudice Plaintiff's motion for leave to file electronically.

## II. BACKGROUND

While traveling in his vehicle on October 4, 2009, Plaintiff was stopped in Millsboro, Delaware. He was charged with violations under Delaware law for inattentive driving, must drive on the right side of the roadway, failure to have license in possession, failure to have registration card in possession, and failure to have insurance identification in violation. *See* 21 Del. C. §§ 2108, 2118, 2721, 4114, 4176(b). Two trials took place, and Plaintiff was acquitted of all charges.

The Third Amended Complaint contains counts that were dismissed by the Court, including Counts Three, Four, and Five as barred by the County and Municipal Tort Claims Act, 10 Del. C.

1

§§ 4010-12. (*See* D.I. 34) As set forth in the February 10, 2014 order, this case currently proceeds on Counts One, the Count Two 42 U.S.C. § 1983 conspiracy claim, and Count Six. Amended Count Two alleges conspiracy pursuant to 42 U.S.C. § 1983, § 1985(3), and § 1986. Defendants move to dismiss the § 1985 claim on the grounds that it was not timely filed and fails to state a claim for conspiracy motivated by racial or class-based discriminatory animus.

### III. <u>LEGAL STANDARDS</u>

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

2

The Court not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. <u>DISCUSSION</u>

Plaintiff was given until within 21 days from February 12, 2014 to file a Third Amended Complaint. It was not filed until March 11, 2014, some seven days past that deadline. Amended Count Two, a portion of which Defendants move to dismiss, alleges that Defendants Millsboro Police Chief John Murphy ("Murphy") and Millsboro Police Officer Patrick Forester ("Forester") deprived Plaintiff of his "right to unaltered exculpatory evidence and equal protection of the law" "as a result of their concerted unlawful and malicious conspiracy." (D.I. 34 at ¶ 40)

Amended Count Two adds paragraphs 40.6 and 40.7. Therein, Plaintiff states that he is an African American and that on the day of his arraignment, "a White lady's charges . . . were dropped" but he was told by the same prosecutor that the Millsboro Police did not want to drop any of the charges against him. (*Id.* at ¶ 40.6) The Third Amended Complaint goes on to allege, "thus the creation of invidious discriminatory animus . . . ." (*Id.*) Defendants move for dismissal, arguing that Plaintiff failed to allege facts sufficient to state a claim for conspiracy motivated by racial or class-based discriminatory animus under 42 U.S.C. § 1985(3).

3

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

Plaintiff fails to state a conspiracy claim under § 1985(3), even with the addition of paragraphs 40.6 and 40.7. "[T]he plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994). The allegations that charges against Plaintiff were not dismissed, while charges against a White woman were dropped, without more, are conclusory and do not state a claim for relief on the basis of racially discriminatory intent. Having reviewed the allegations, the Court finds that Plaintiff has failed to state a plausible claim for relief with regard to the § 1985(3) claim. Plaintiff was given leave to cure his pleading defects but failed to do so. Therefore, the Court will grant Defendants' motion to dismiss the 42 U.S.C. § 1985(3) conspiracy claim.

Finally, Plaintiff fails to state a claim under § 1986. A cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under § 1986. *See Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n.10 (3d Cir. 1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976). Because Plaintiff has not properly pled a § 1985 violation under any viable legal theory, the Court will also dismiss his § 1986 claim.

## V. ELECTRONIC FILING

Plaintiff moves for leave to file electronically "to relieve him of an additional burden and the untimeliness often reflected in the U.S. Mail." (D.I. 38) Pursuant to this Court's CM/ECF administrative procedures, "a *pro se* party may file a motion for authorization to file electronically on a case-by-case basis. The *pro se* party must indicate that they have independently reviewed all of the tutorials and related topics on the court's web site." *See* http://www.ded.uscourts.gov/registration (Dec. 8, 2014).

Plaintiff has not met the requirements for electronic filing in this Court. Therefore, the Court will deny the motion without prejudice.

## VI. CONCLUSION

For the above reasons, the Court will grant Defendants' partial motion to dismiss Plaintiff's Third Amended Complaint (D.I. 35) and will deny without prejudice Plaintiff's motion to file electronically (D.I. 38).

An appropriate Order will be entered.